Herbert, J.
The sole question for our consideration is whether the amount of a bond issue approved by the voters for the construction of a hospital limits the amount that can be expended on the hospital.
An examination of the relevant statutes shows that no such limitation was intended.
Section 339.04, Revised Code, provides:
“All funds arising from a special tax levy or bond issue for the purchase, appropriation, or construction of a county hospital, and contributions thereto, shall be placed in the county treasury to the credit of a fund to be known as the ‘County Hospital Building Fund.’ Such fund shall be paid out on the order of the Board of County Hospital Trustees, certified by the chairman and secretary of the board.” (Emphasis added.)
The statutes expressly require that contributions for construction of the county hospital and funds arising from the bond issue be commingled. This shows that the expenditure provisions in the resolution of necessity proposing the bond issue in no way limits the expenditure on the hospital but merely provides funds for that purpose. If additional funds are secured from other than bond sources, they may be spent on the project.
Federal funds to aid in the construction of hospitals are received by virtue of Section 291, Title 42, U. S. Code, and Section 3701.45, Revised Code. Both statutes require that such funds be used solely for carrying out the approved project.
Section 291c(b) provides:
“Any funds paid to a state under this section and not expended for the purpose for which paid shall be repaid to the *205 Treasury of the United States.” See, also, Section 3701.38, Revised Code.
Section 3701.45, Revised Code, permits the Director of Health to receive federal funds for hospital construction projects. It reads in part as follows:
“There is hereby established, separate and apart from all public moneys and funds of this state, a hospital and medical facilities construction fund. Money received from the federal government for a construction project approved by the Surgeon General shall be deposited to the credit of this fund and shall be used solely for payments due applicants for work performed or purchases made in carrying out approved projects.” (Emphasis added.)
The respondent, auditor, must, therefore, pay the federal funds to the order of the Board of County Hospital Trustees to carry out the construction of the hospital or return the money to the United States Treasury. Such funds can be used for no other purpose.
With respect to funds in the County Hospital Building Fund, the county auditor has a duty to issue warrants on the order of the Board of County Hospital Trustees to pay for work performed or purchases made in the construction of the hospital.
We find that the expenditures that are the subject of this suit have been made according to law, that there is money available in the building fund to cover these bills, and that they must be paid.

Writ allowed.

Taft, C. J., Zimmerman, Kerns, 0’Neill, Griffith and Gibson, JJ., concur.
Kerns, J., of the Second Appellate District, sitting by designation in the place and stead of Matthias, J.